BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOPMAR S.R.L., <br><br> Plaintiff, <br><br> - against - <br><br> BASIC COMMODITIES B.V. a/k/a BASIC COMMODITIES - AMSTERDAM, <br><br> Defendant. | 08 CIV 5009 (RPP) |

**ANSWER UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant BASIC COMMODITIES B.V. ("BASIC") answers the verified Rule B complaint dated May 30, 2008 ("Complaint") of DOPMAR S.R.L. ("DOPMAR" or "Plaintiff") and states as follows upon information and belief:

1.  Admits the allegations in Paragraph 1 of the Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.  Admits the allegations in Paragraph 3 of the Complaint.

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Denies the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations in Paragraph 6 of the Complaint.

7. Denies the allegations in Paragraph 7 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint.

9. Denies the allegations in Paragraph 9 of the Complaint.

10. Denies the allegations in Paragraph 10 of the Complaint.

11. Admits the allegations in Paragraph 11 of the Complaint.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Denies the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Denies the allegations in Paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST

1. The Court lacks personal jurisdiction over Defendant which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### SECOND

2. The Complaint fails to state a cause of action upon which relief may be granted.

## THIRD

3. The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of the Arbitration or in the chosen forum selection in the Charter and/or bills of lading.

## FOURTH

4. Plaintiff is not the real party in interest and lacks standing to bring this claim against Basic.

## FIFTH

5. The alleged claim is barred by applicable statutes of limitations.

## SIXTH

6. The alleged claim is barred by operation of law.

## SEVENTH

7. The alleged claim is barred by laches.

## EIGHTH

8. Plaintiff has failed to include or join indispensable parties to this action.

## NINTH

9. If plaintiff suffered any loss or damage as alleged, which is denied, it was caused by or contributed to by an act or omission by the plaintiff and/or other third-parties, and not by Basic.

## TENTH

10. Plaintiff failed to properly mitigate their alleged damages.

## ELEVENTH

11. Service of the Complaint was improper and insufficient.

130260.00601/6655688v.1

## TWELFTH

12. Defendant did not have possession of or operate, manage, navigate or otherwise control the Vessel at the relevant times referred to in the Complaint and is not liable for any cargo damages or loss allegedly suffered.

## THIRTEENTH

13. Defendant did not owe any duty to plaintiff or cargo receivers under theories of negligence and as a carrier under the United States Carriage of Goods by Sea Act, 46 U.S.C. §§1300-1315 ("COGSA"), the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading ("Hague Rules") and/or the Brussels Protocol to the Hague Rules ("Hague-Visby Rules").

## FOURTEENTH

14. Defendant is entitled to the benefit of all defenses and rights of limitation of liability afforded by all applicable contracts, statutes and treaties.

## FIFTEENTH

15. Alternatively, if Defendant was a carrier under the relevant bills of lading or charter parties, it is entitled to all of the rights and defenses available under COGSA, the Hague Rules and/or the Hague-Visby Rules.

## SIXTEENTH

16. If plaintiff suffered any damage or loss as alleged in the Complaint, which is denied, it was caused by the fault, neglect, omission, or breach of contract by their employees, agents or representatives or by one or more unnamed parties and occurred without any fault, negligence, or breach of duty on the part of Defendant, its agents, servants or employees.

130260.00601/6655688v.1

17.     If any liability is imposed on Defendant by reason of the allegations contained in the Complaint, it is entitled to indemnity in full and/or contribution plus interest, together with its attorneys' fees and expenses.

WHEREFORE, Defendant Basic respectfully requests that:

(a)     The Complaint be dismissed against it in favor of arbitration or the chosen forum;

(b)     Basic be awarded its attorneys fees and all costs incurred in connection with this action; and

(d)     the Court award Basic such further and other relief as may be just.

Date:   New York, New York
        July 23, 2008

                                    Respectfully submitted,

                                    BLANK ROME LLP


                                    By: _____
                                        Jeremy J.O. Harwood
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        (212) 885-5000
                                            *Attorneys for Defendant*

130260.00601/6655688v.1

## VERIFICATION

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF NEW YORK  )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Defendant.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendant is that Defendant is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Defendant.

*Jeremy Harwood*
Jeremy J.O. Harwood

Sworn to before me this
23rd day of July, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

6

130260.00601/6655688v.1